```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


ALLEN DEAN WASHBURN,

                         Plaintiff,

         v.                              CASE NO. 17-3108-SAC

TREGO COUNTY JAIL, et al.,

                         Defendants.
```

### MEMORANDUM AND ORDER

This matter is a civil rights complaint filed by a prisoner currently held in state custody. Plaintiff proceeds pro se and in forma pauperis.

Plaintiff submitted an amended complaint as directed by the Court; however, because the complaint does not identify any individual defendant by name, the Court finds the proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Trego County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

### Motion to appoint counsel

Plaintiff moves for the appointment of counsel (Doc. #3). As a party in a civil action, plaintiff has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Instead, where a party is proceeding in forma pauperis "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, a court should consider factors including the

merits of the party's claims, the nature of the factual issues, the party's ability to present his claims, and the relative complexity of the legal issues involved. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks,* 57 F.3d 978 at 979).

At this point, the Court finds that the amended complaint does not present factual or legal issues that are unusually complex, and it appears that plaintiff is able to explain the nature of the claims. The Court therefore will deny the motion without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED:

(1) Officials responsible for the operation of the Trego County Jail are directed to undertake a review of the subject matter of the complaint:

  a. To ascertain the facts and circumstances;
  b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;
  c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this

complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(3) Authorization is granted to the officials of the Trego County Jail to interview all witnesses having knowledge of the facts, including the plaintiff.

(4) Discovery by plaintiff shall not commence until plaintiff has received the report ordered herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(5) The report shall be filed on or before February 27, 2018.

Copies of this order shall be transmitted to the plaintiff, the Sheriff of Trego County, and the Finance Office of the facility where plaintiff currently is incarcerated.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED: This 29th day of November, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge